Bryan Keahey v. The State.

No. 7215.   Decided November 22, 1922.

**1.—Burglary—Requested Charge—Practice in Trial Court.**

Where the record on appeal from a conviction of burglary showed that while the above requested charge was refused, another one was given in which the jury were instructed practically as in the one refused there was no reversible error.

**2.—Bills of Exception.**

Where the bills of exception with reference to requests made by the jury in retirement and those complaining of the refusal of the new trial, presented no reversible error, there was no error.   °

**3.—Same—Circumstantial Evidence—Charge of Court·**

Where, upon trial of burglary, the court's charge on circumstantial evidence presented no error, there is no reversible error.

**4.—Same—Sufficiency of the Evidence—Variance—Owner.**

Where, upon trial of burglary, the evidence supported the conviction, and there is no variance between the ownership proved and that alleged, the conviction is sustained.

Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of burglary; penalty, two years imprisoment in the penitentiary,

The opinion states the case.

No brief on file for appellant.

W. A. *Keeling*, Attorney General, and *C. L. Stone*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in Criminal District Court No. 2 of Dallas county of burglary, and his punishment fixed at two years in the penitentiary.

The fact of the burglary of a store was not disputed by any evidence.   A valuable fur coat taken from said store was sold by appellant to one Aronnoff shortly after the alleged burglary.   Aronnoff testified to that fact, and that appellant told him that said coat belonged to his wife, but later came to him and informed him that the ·coat was stolen.   Appellant's defense was that one Pierce brought him the coat and asked him to sell it, which he did.   Appellant claimed that at the time he sold the coat to Aronnoff he told him that it was stolen.

By a bill of exceptions complaint is made of the refusal of a special charge asked, the substance of which was that if the jury believed that

appellant received the coat in question from one Pierce and that Pierce had employed him to sell the coat and that this was the extent of appellant's connection with the transaction, he should be acquitted. From the record we find that while the above special charge was refused, another special charge was given in which the jury were instructed that if they believed that some one other than appellant broke and entered the burglarized store and took therefrom the fur coat in question, and that appellant was not present at the time and was in no way connected with the burglary and knew nothing about it, and that thereafter one Pierce or some other person gave the coat in question to appellant for the purpose of having him to sell it, that the appellant should be acquitted, even though he knew the coat to have been stolen at the time he sold it. In our opinion the giving of the last charge mentioned fully covered the defensive theory and rendered unnecessary the giving of the charge whose refusal is made the subject of the complaint in said bill of exceptions.

Appellant has another bill of exceptions complaining of some matter relative to a request made of the court by the jury in retirement, but this bill of exceptions appears to have been refused by the trial court. There is another bill of exceptions complaining of the refusal of a new trial, but same presents no error.

By bill of exceptions No. 4 complaint is made of the charge of the court on circumstantial evidence, but we have carefully examined same and are of the opinion that the complaint is without merit.

Complaint of the insufficiency of the testimony to support the judgment because of a variance between the ownership proved and that alleged, of the burglarized house, seems without support in the record.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*